IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00479-PAB-MEH

THE VILLAGES OF PARKER MASTER ASSOCIATION, INC.,
d/b/a Canterberry Crossing Master Association,

    Plaintiff,

v.

ERIC HANSEN,
DAWN HANSEN,
HOME LOAN MORTGAGE CORPORATION, d/b/a Home Loan Corporation of Texas,
d/b/a Expanded Mortgage Credit,
MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.,
INTERNAL REVENUE SERVICE, and
DOUGLAS COUNTY PUBLIC TRUSTEE and OCCUPANT,

    Defendants.

## ORDER

This matter is before the Court on the Motion for Remand [Docket No. 18] filed by plaintiff The Villages of Parker Master Association, Inc. Plaintiff requests that the Court remand this case to the District Court for Douglas County, Colorado. Docket No. 18 at 2. Defendant Internal Revenue Service ("IRS") does not oppose the motion. *See* Docket No. 19.[1]

On January 17, 2012, plaintiff filed this action in the District Court for Douglas County, Colorado. Docket No. 1-2 at 4. Plaintiff sought, *inter alia*, judicial foreclosure

---

[1] The other named defendants, Eric Hansen, Dawn Hansen, Home Loan Mortgage Corporation, Mortgage Electronic Registration System, Inc., and the Public Trustee for Douglas County, have not made appearances in this case.

of a homeowner lien. *Id*. at 7-8. On February 24, 2012, pursuant to 28 U.S.C. § 1444, the IRS removed the case to this Court. Docket No. 1. The IRS sought a declaration of its priority over other liens attached to the property at issue in this case. *See* Docket No. 1. On May 3, 2012, the Court approved a stipulation wherein the parties stipulated to the priority of the IRS' interest in the property [Docket No. 17]. Given that the stipulation resolved the controversy with respect to the IRS' claims, plaintiff requests that the Court remand the case, alleging that the Court no longer has subject matter jurisdiction. Docket No. 18 at 2.

Contrary to plaintiff's assertion, the resolution of the federal issue does not prevent this Court from exercising jurisdiction over the remaining state law claims. Under 28 U.S.C. § 1367(c)(3), the Court has discretion to exercise jurisdiction over pendent state law claims. As a general proposition, "[p]endent jurisdiction is exercised on a discretionary basis, keeping in mind considerations of judicial economy, convenience and fairness to the litigants." *Bauchman v. West High School*, 132 F.3d 542, 549 (10th Cir. 1997). In the specific context of § 1367(c)(3), however, the Tenth Circuit has concluded that, "[i]f federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" *Id.* (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)). The reason courts should dismiss such claims is that "'[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.'" *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)).

A court's exercise of discretion, it would seem, is limited to determining whether compelling reasons justify retaining jurisdiction.  *See Brooks*, 614 F.3d at 1229 (reaffirming that courts have discretion to determine whether to exercise supplemental jurisdiction pursuant to § 1367(c)(3), but reversing the district court's grant of summary judgment on state law claims); *Endris v. Sheridan County Police Dep't*, 415 F. App'x 34, 36 (10th Cir. 2011) ("any state-law claims for assault and battery or mental and emotional injury were inappropriate subjects for the exercise of pendent jurisdiction where all federal claims had been dismissed.*"* ); *but see Henderson v. Nat'l R.R. Passenger Corp.*, 412 F. App'x 74, 79 (10th Cir. 2011) (court "should consider 'the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction'" when determining whether to exercise supplemental jurisdiction).

The IRS, the only party requesting a federal forum, does not oppose a remand of this case.

Accordingly, it is

**ORDERED** that the Motion for Remand to the District Court for Douglas County, Colorado [Docket No. 18] is **GRANTED**.  It is further

**ORDERED** that this case shall be remanded to the District Court for Douglas County, Colorado, where it was filed as Case No. 12CV117.

DATED August 7, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge